UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80134-CIV-HURLEY/LYNCH

MARY WASHINGTON,

　　　Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration,

　　　Defendant.

_____/



FILED by _____ D.C.

JUN 1 1 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR DEFAULT FOR FAILURE TO RESPOND OR OTHERWISE PLEAD (DE 9)

**THIS CAUSE** comes before this Court upon the above Motion. Having reviewed the Motion and Response, noting that no Reply was filed, this Court finds as follows:

1.　On March 18, 2009 the Plaintiff filed Returns of Service on the Commissioner. She has served him and the Attorney General at their Washington, D.C., offices, and important for the instant discussion, at the West Palm Beach, Fla., office of the U.S. Attorney for the Southern District of Florida. Soon after the Commissioner's Answer became overdue, the Plaintiff moved under Rule 55(a), Fed. R. Civ. P., for entry of default. Since then the Defendant has answered the Complaint, made his appearance, and responded to the Motion in opposition.

2.　The Defendant does not contend that the Plaintiff's method of service generally was improper. Nor does the Defendant

explain the reason for its overdue Answer. In his Response and in the correspondence attached thereto, the Defendant blames the Plaintiff for serving the U.S. Attorney at his West Palm Beach office rather than at his Miami office. The Defendant's primary argument instead is that under Rule 55(d), Fed. R. Civ. P., "a default cannot be entered against the United States, or any officer or agency thereof, unless the 'claimant establishes a claim or right to relief by evidence satisfactory to the court.'" Rule 55(d) does limit the availability of default judgments against the United States in this way, but it should be noted that the Plaintiff moves for entry of default under Rule 55(a), not for default judgment under Rule 55(b). Thus Rule 55(d) does not bar the Plaintiff's Motion. See Alameda v. Sec'y, Health, Ed. & Welfare, 622 F.2d 1044, 1048 (1st Cir. 1980) (also a Social Security disability benefits case).

3.     Since the Defendant did answer the Plaintiff's Complaint after the allotted time, he is in default, at least technically. Therefore this Court construes his Response as a Rule 55(c) request to set the default aside. As noted above, the Defendant gives no reason for the default, but nevertheless, this Court sees good cause for relief. First and foremost this Court is persuaded by the Defendant's additional argument that policy strongly favoring a decision on the merits over one by default. See also, Marschhauser v. The Travelers Indem. Co., 145 F.R.D.

605, 610 (S.D. Fla. 1992). This policy applies even in the case of default judgments. See in re <u>Worldwide Web Sys., Inc.</u>, 328 F.3d 1291, 1295 (11th Cir. 2003). Moreover, while Rule 55(d) may not be directly applicable, its purpose is. That is, to limit the impact of procedural missteps, see <u>Arevalo v. U.S.</u>, 2008 WL 3874795, *6 (E.D. Pa. 2008), which seems to be the case here.

**ACCORDINGLY**, this Court recommends to the District Court that the Plaintiff's Motion for Default for Failure to Respond or Otherwise Plead be **DENIED**.

The parties shall have ten (10) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Daniel T.K. Hurley, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this //7#' day of June, 2009.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

cc:   Hon. Daniel T.K. Hurley
      Shelley B. Maurice, Esq.
      Christopher Macchiaroli, AUSA